IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| GRAHAM VOCKROTH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 1:10cv695-WHA-SRW |
| | ) (WO) |
| FIRST CIRCUIT FAMILY COURT OF | ) |
| HAWAII and MINA LEE VOCKROTH, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

This case is before the court on a Motion to Dismiss (Doc. #17) filed by Defendant Mina Lee Vockroth ("Ms. Vockroth") on September 9, 2010, and a Motion for Preliminary Injunction filed by Plaintiff Graham Vockroth ("Mr. Vockroth") on September 20, 2010 (Doc. #20).

The Plaintiff, Mr. Vockroth, filed a Complaint in this court on August 16, 2010. On August 25, 2010, after receiving the court's permission to do so, Mr. Vockroth filed an Amended Complaint against Ms. Vockroth and the First Circuit Family Court of Hawaii (the "Hawaii Family Court," together, "Defendants"), to temporarily and/or permanently prevent Ms. Vockroth or the Hawaii Family Court from executing a judgment entered against him in a family law matter, to vacate that judgment, or to prospectively enjoin further efforts to collect his property. Mr. Vockroth bases his suit on the Servicemembers Civil Relief Act ("SCRA"), 50 U.S.C. app. § 501, *et seq.*; the Equal Protection and Due Process Clauses of the Fourteenth Amendment; and the Full Faith and Credit Clause of Article VI, Section 1 of the United States Constitution.

For reasons to be discussed, the Motion to Dismiss is due to be GRANTED, and the Motion for Preliminary Injunction is due to be DENIED.

## II.  MOTION TO DISMISS STANDARD

The court accepts the plaintiff's allegations as true, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), and construes the complaint in the plaintiff's favor, *Duke v. Cleland*, 5 F.3d 1399, 1402 (11th Cir. 1993).  In analyzing the sufficiency of pleading, the court is guided by a two-prong approach: one, the court is not bound to accept conclusory statements of the elements of a cause of action and, two, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to entitlement to relief.  *See Ashcroft v. Iqbal,* _ U.S. _,  129 S. Ct. 1937, 1949-50 (2009).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).  To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but instead the complaint must contain "only enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570.  The factual allegations "must be enough to raise a right to relief above the speculative level."  *Id.* at 555.

## III.  FACTS

The allegations of the Plaintiffs's Complaint are as follows:

Mr. Vockroth is an active duty member of the U.S. Army.  Prior to March 2003, he and his then-wife, Ms. Vockroth, were stationed in Hawaii.  Subsequently, Mr. Vockroth was

stationed in Iraq intermittently from March 2003 through October 2007. In December 2007, upon returning to Hawaii, he was served with divorce papers.

However, due to Mr. Vockroth's military orders, he could not personally appear in Hawaii courts to litigate divorce or property settlement issues. Instead, pursuant to Ala. Code § 30-2-5, he initiated other divorce proceedings in the Circuit Court of Dale County, Alabama, after he had lived in Alabama for six months. On November 19, 2009, the Circuit Court of Dale County granted the divorce after Ms. Vockroth failed to file an answer in the case.[1] The Circuit Court of Dale County later rejected Ms. Vockroth's challenge to the jurisdictional validity of the Alabama divorce, and Ms. Vockroth did not appeal.

During this time period, the Hawaii divorce proceeded. On November 30, 2010, Mr. Vockroth wrote to the Hawaii Family Court, notifying the court that his "military mission interfered with his ability to defend his case and requested relief pursuant to the Service Members [sic] Civil Relief Act." (Compl. ¶ 11.) On December 18, 2009, Mr. Vockroth's commander, Major John A. Morris, III, wrote the Hawaii Family Court to notify them that Mr. Vockroth could not attend court hearings until March 1, 2010. Major Morris attached an affidavit of Mr. Vockroth, and both Major Morris and Mr. Vockroth requested that the Hawaii Family Court stay proceedings until March 1, 2010.

The Hawaii Family Court refused to grant a stay. Instead, it held a number of hearings that Mr. Vockroth did not attend. On January 19, 2010, the Hawaii Family Court entered a

---

[1] Mr. Vockroth alleges that on August 5, 2009, the day he commenced service of process by publication in Alabama, the Hawaii Family Court issued an injunction, enjoining Mr. Vockroth from obtaining service by publication. Mr. Vockroth alleges that service occurred prior to the issuance of the Hawaii Family Court's injunction.

default judgment against Mr. Vockroth, and on March 9, 2010, entered a "Decree Granting Absolute Divorce," which not only purported to divorce the parties, but also purported to distribute their property.

Mr. Vockroth contends that such a decree was improper, because the parties were already divorced in Alabama. He contends that the Hawaii Family Court should have allowed him to raise this claim and otherwise defend himself in the divorce proceedings, pursuant to the SCRA. Mr. Vockroth asks this court to temporarily and/or permanently prevent Ms. Vockroth or the Hawaii Family Court from executing the judgment entered against him, to vacate that judgment, or to prospectively enjoin further efforts to collect his property.

## IV.  DISCUSSION

Ms. Vockroth contends that the court lacks subject matter jurisdiction over this case. Mr. Vockroth responds that this court has subject matter jurisdiction under 28 U.S.C. § 1331 ("Federal Question Jurisdiction"), based on his invocation of a variety of federal sources in his Complaint.

### A.  Mr. Vockroth's Reliance on the SCRA

In Count 1, Mr. Vockroth alleges that the Hawaii Family Court violated the SCRA. Mr. Vockroth purports to bring his request for relief under 50 U.S.C. app. § 524 of the SCRA. § 524 provides a servicemember relief if the servicemember's military service *prevents the servicemember from "complying with a court judgment or order."* 50 U.S.C. app. § 524. Here, in Count 1, Mr. Vockroth asks this court to "stay all future efforts to collect the judgment entered

by the Family Court of the State of Hawaii until the plaintiff's military duty no longer affects his ability to *respond to legal process*." (Compl. ¶ 25) (emphasis added).  In other words, Mr. Vockroth asks this court to stop Defendants from taking his property and garnishing his salary.  Mr. Vockroth does not plead any facts that show his military service makes it impossible for him to allow his salary to be garnished or his property to be taken, rather, his Complaint, read as a whole, alleges that the Hawaii judgment was improper and his military service impeded his ability to be in Hawaii to defend himself, resulting in a default judgment.  Because Mr. Vockroth pleads no facts showing that he cannot comply with the Hawaii Family Court's order, § 524 is not a viable provision for Mr. Vockroth to rely on in this suit.

§ 521 provides a more viable avenue for Mr. Vockroth to request relief, as Ms. Vockroth acknowledges in her Motion to Dismiss.  (Mot. to Dismiss at 3.)[2]  § 521(g)(1) states:

> If a default judgment is entered in an action covered by this section against a servicemember during the servicemember's period of military service (or within 60 days after termination of or release from such military service), the court entering the judgment shall, upon application by or on behalf of the servicemember, reopen the judgment for the purpose of allowing the servicemember to defend the action if it appears that--
>
> > (A) the servicemember was materially affected by reason of that military service in making a defense to the action; and
> >
> > (B) the servicemember has a meritorious or legal defense to the action or some part of it.

---

[2]Ms. Vockroth improperly cites the court to 50 U.S.C. app. § 520.  (Mot. to Dismiss at 3.)  Congress eliminated this statutory provision in 2003, moved it to 50 U.S.C. app. § 521, and reorganized its language.  *See* Amendment to the Soldiers' and Sailors' Civil Relief Act, Pub. L. No. 108-189, § 1, 117 Stat. 2835 (2003).  However, substantively, the relevant portions of the statute remain the same, so her argument is not affected by this statutory change.

50 U.S.C. app. § 521(g)(1).  In this case, Mr. Vockroth alleges that (1) a default judgment was entered against him during his military service; (2) the military service materially affected his ability to avoid the default judgment, because he could not defend himself at the Hawaii Family Court's proceedings; and (3) he has a meritorious legal defense, specifically, that Mr. Vockroth had previously obtained a divorce in Alabama prior to the Hawaii Family Court's judgment.  Therefore, because Mr. Vockroth's allegations fit within the rubric of § 521, as opposed to § 524, the court will treat the SCRA portion of his Complaint as coming within § 521, not § 524.

**B.     This Court Lacks Subject Matter Jurisdiction Over the SCRA Claim**

Mr. Vockroth concedes that the court does not have subject matter jurisdiction over his claim based solely on the SCRA.  (Resp. to Mot. to Dismiss at 5.).  "No right or jurisdiction was vested by the Act in federal district courts to vacate or impede an order or judgment of a state court or to interfere with the exercise by a state court of the jurisdiction conferred on it by the Act."  *Radding v. Ninth Fed. Sav. & Loan Ass'n of N.Y. City*, 55 F. Supp. 361, 370 (S.D.N.Y. 1944); *see also* 50 U.S.C. app. § 521(g)(1) ("[i]f a default judgment is entered in an action covered by this section against a servicemember . . . *the court entering the judgment shall*, upon application by or on behalf of the servicemember, reopen the judgment . . .") (emphasis added); *Scheidegg v. Dep't of Air Force*, 715 F. Supp. 11, 12-14 (D.N.H. 1989) (holding that a federal district court had no subject matter jurisdiction over a serviceman's request for a preliminary injunction under the SCRA to prevent garnishment of his salary, when the garnishment order was made by a state court); 53A Am. Jur. 2d *Military and Civil Defense* § 370.  Because the claim Mr. Vockroth seeks to challenge under the SCRA was made by a Hawaii State Court, the

SCRA does not grant this court subject matter jurisdiction over that claim.  Mr. Vockroth contends, however, that there is an independent basis for his assertion that federal question jurisdiction exists.

### C. Mr. Vockroth's Other Constitutional Claims are Restatements of his SCRA Claim, Over Which This Court Lacks Subject Matter Jurisdiction

Mr. Vockroth contends that subject matter jurisdiction exists even without his SCRA claim because he has also brought claims under other constitutional provisions, such as the Fourteenth Amendment and the Full Faith and Credit Clause.  The court rejects these arguments, because his claims under these constitutional provisions are simply restatements of his SCRA claim, or elements of his SCRA claim, over which this court has no subject matter jurisdiction.

*Scheidegg v. Department of Air Force*, a case from the District of New Hampshire, is instructive.  715 F. Supp. at 12-14.  In *Scheidegg*, the District Court held that it did not have subject matter jurisdiction over a serviceman's SCRA claim because the serviceman was seeking to use the SCRA to challenge a New Hampshire state court order in federal district court.  *Id.*  Nevertheless, the serviceman argued that the court had subject matter jurisdiction because the serviceman brought a procedural due process claim in addition to his SCRA claim.  *Id.* at 13.  The District Court noted that, while federal courts generally "have subject matter jurisdiction . . . over procedural due process claims . . . . plaintiff's allegations essentially restate plaintiff's claim under the [SCRA]." *Id.* at 14.  Relying on another court's holding that "[j]udgments entered in violation of the [SCRA] are only voidable and do not violate due process," the District Court concluded that it lacked subject matter jurisdiction over the due process claim and thus, had to dismiss the case.  *Id.*

In this case, Mr. Vockroth's other constitutional claims are just restatements of his SCRA claim or elements of that claim.  In Count 2, he contends that his Fourteenth Amendment Equal Protection rights were violated because he was not provided the same rights as other citizens to appear in court, due to the fact that the Hawaii Family Court failed to obey the SCRA.  Additionally, in Count 2, Mr. Vockroth argues that the Hawaii Family Court violated his Fourteenth Amendment Due Process rights.  While the court cannot decipher from Count 2 exactly how Mr. Vockroth contends his Due Process rights were violated, it is clear that his argument relies once again on the fact that the Hawaii Family Court failed to obey the SCRA.  As such, Count 2 is a restatement of Mr. Vockroth's SCRA claim, and does not grant this court subject matter jurisdiction.

In Count 3, Mr. Vockroth alleges his procedural Due Process rights were violated because he did not receive notice of hearings, causing him to suffer a default judgment.  Once again, this goes to the Hawaii Family Court's alleged failure to obey the SCRA.  As Count 3 is a restatement of Mr. Vockroth's SCRA claim, it too fails to grant this court subject matter jurisdiction.

In Count 4, Mr. Vockroth alleges that the Hawaii Family Court failed to obey the Full Faith and Credit Clause in making its order.  Additionally, Mr. Vockroth alleges that the Hawaii Family Court's order violated a federal statute, 10 U.S.C. § 1408.  (Compl. ¶ 20.)  These are both potential ways that Mr. Vockroth can satisfy an element of his SCRA claim.  Specifically, these are alleged ways Mr. Vockroth can attempt to show in "the court entering the judgment" that he has a "meritorious defense" that is required under § 521(g)(1)(B) to invoke § 521(g)(1) of the SCRA.  Accordingly, Count 4 fails to grant this court subject matter jurisdiction.

Finally, in Count 5, Mr. Vockroth contends, apparently resting on the legal basis of his previous claims, that Ms. Vockroth should be enjoined from executing the Hawaii Family Court's judgment against him.  Again, this claim is no more than a restatement of the other SCRA claims, and does not grant this court subject matter jurisdiction.

In sum, Mr. Vockroth asks this court to second-guess the judgment of the Hawaii Family Court.  *See Brown v. Lewis*, No. 4:08-CV-150 (CDL), 2009 WL 1457139, at \*5 (M.D. Ga. May 22, 2009) ("The SCRA simply 'does not empower [a federal district court] to collaterally review, vacate, or impede the decisions of a state court . . . . [j]udgments made in violation of the [SCRA] are subject to attack only in the courts which rendered the judgment'") (quoting *Shatswell v. Shatswell*, 758 F. Supp. 662, 663 (D. Kan. 1991)).  To the extent he asks the court to do so under the SCRA, the statute itself states that this court does not have subject matter jurisdiction over such a claim.  To the extent that Mr. Vockroth seeks to use other constitutional provisions to overcome the lack of subject matter jurisdiction under the SCRA, this court cannot allow him to sidestep the SCRA's prohibition of subject matter jurisdiction in courts that did not render the initial judgment by thinking up other causes of action that are no more than restatements or elements of the SCRA claim.  *See Scheidegg*, 715 F. Supp at 14; *Sarfaty v. Sarfaty*, 534 F. Supp. 701, 706 (D.C. Pa. 1982) (declining to exercise federal subject matter jurisdiction in an SCRA challenge to a state court order, when the plaintiff also argued that (1) his procedural due process rights were violated; and (2) the state court lacked jurisdiction to hear the matter; reasoning that "a federal district court 'possess(es) no power whatever to sit in direct review of state court decisions'") (alterations in original) (citations omitted); *see also* 53A Am. Jr. 2d *Military and Civil Defense* § 332.

Mr. Vockroth's remedy is with the Hawaii state court system.  Though the Hawaii Family Court apparently rejected Mr. Vockroth's SCRA arguments, Mr. Vockroth can petition to reopen the judgment to defend the action, or appeal to appellate courts in Hawaii.  In fact, Mr. Vockroth alleges that such an appeal is pending.  (Resp. to Mot. to Dismiss at 2 ¶ 5.)  The Hawaii courts will obey the Constitution and federal laws in the same way that this federal district court would.  Accordingly, Ms. Vockroth's Motion to Dismiss for lack of subject matter jurisdiction is due to be GRANTED.

**D.     Hawaii Family Court**

Hawaii Family Court did not file a motion to dismiss in this case.  However, as the court may raise a lack of subject matter jurisdiction sua sponte, the Hawaii Family Court need not file a motion to dismiss to be dismissed from this case.  Accordingly, the Hawaii Family Court is due to be dismissed from this case, as this court has no subject matter jurisdiction over Mr. Vockroth's claims.

**V.  CONCLUSION**

For the foregoing reasons, it is hereby ORDERED as follows:

1. The Motion to Dismiss is GRANTED.  This case is DISMISSED for lack of subject matter jurisdiction.

2. The Motion for Preliminary Injunction is DENIED as moot.

3. Plaintiff's Application for Entry of Default is DENIED as moot.

Done this 1st day of November, 2010.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE